## Case No. 2,469.

### In re CARSTENS.

[14 Blatchf. 117;[1] 15 N. B. R. 250.]

Circuit Court, S. D. New York. Jan. 27, 1877.

#### FEES OF REGISTER IN BANKRUPTCY.

Under general order No. 30, of the general orders in bankruptcy, adopted by the supreme court, April 12th, 1875, no fees can be allowed

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

to a register, except such as are provided for by general order No. 30, even for services rendered before such general order was adopted.

Isaiah T. Williams, the register, in pro. per.

Thomas H. Barowsky (H. G. Atwater, of counsel), opposed.

JOHNSON, Circuit Judge. This case is brought here by Register Williams, to review a decision of the district court in regard to his fees and compensation and other charges in this case, of which he was in charge as register. The services in question were rendered before the adoption by the supreme court of the United States of the general orders in bankruptcy, adopted April 12th, 1875. The district judge held that general order No. 30 left him no discretionary power to allow anything but the charges provided for in that order; and, as those in question were not thus provided for, he excluded them. In so deciding he followed his own determination in Re Johnston [Case No. 7,421], where the various provisions of the statutes bearing upon the question are collected and considered. That case related to the fees of the marshal, but there is no substantial distinction in this respect between the marshal and the register. In re Gies [Id. 5,407] arose in the eastern district of Michigan, and related to the fees of attorneys. Judge Brown held that he must be governed by the new general orders, in the allowance or disallowance of fees for services rendered before those orders were adopted. In my opinion, general order No. 30 requires that construction. In regard to the register the provision is: "The following and no other fees shall be allowed to the register." Then follows the detail of allowable charges, which does not include those in question in this case. The last clause of this general order provides for the taxation of the bills of the clerk, marshal and register. Each of them is to file a statement of fees, including prospective fees for final distribution, which must exhibit by items each service and the fee charged for it. The clerk must tax each fee bill, allowing none but such as are provided for by those rules, which taxation is conclusive, unless altered by the court. There is no foundation for the idea that the court can make any other taxation than such as the clerk ought to have made. There was, therefore, no legal right to award to the register the amounts which have been disallowed by the district court.

The order of the district court must be affirmed, but without costs against the register, in this court.